IN THE UNITED STATES DISTRICT COURT OF CONNECTICUT

Laguerre Lensendro

           3:25-CV-01009-AWT

V

Bozzuto Management Company

### Amended Complaint

1. This is an action for breach of contract brought under The securities act of 1933 [48 stat 74] 15 U.S.C. 77b(a)(3). The parties include myself, an individual residing in Norwalk, Connecticut, and Bozzuto Management, which has its principal office in Maryland, doing business within the state of Connecticut.

2. This court has jurisdiction pursuant to 15 U.S.C. 77b(a)(3), with the amount in question being over $75,000 and the parties being from different states.

3. At some point in time, I had an epiphany and realized I was in need of an apartment.

4. I opted for The Piper on West Avenue because it was located within walking distance of all my favorite places within the city of Norwalk, such as the Art Space, the park, Colony Grill, and of course the Norwalk Public Library, all of which I frequent.

5. I then went online to see if there were any apartments available, and there was. Bozzuto Management Company was making offers.

6. The next day, I went to the park and marveled at the scenery; I then went to Colony Grill and then to the Norwalk Public Library.

7. At the library, I daydreamed about living at The Piper, overlooking the park and the art space and visiting my friend who works at the café adjacent to The Piper.

8. At some point in time, I decided to accept Bozzuto's offer and entered into a contract or sale with Bozzuto. [see exhibits 1& 2 at doc 1, pg 4-5]

9. I parted ways with a $500 [FRN's] security deposit, and I tendered an instrument in the amount of $75,000 as additional security [deposit] or advance rental payment as performance to the contract. [see Exhibit 2 - 3.3 at doc 1, pgs 5-9]

10. In addition to the instrument, Bozzuto received instructions accompanying the tender of payment to deposit the instruments/securities in escrow as demanded by law, not once but three times.[see Conn. Gen. Stat. §47a-21 (h)(1) & see also exhibits 3 - 5.2 at doc 1, pgs 6-18]

11. Bozzuto refuses to carry out fiduciary duties for Plaintiff, after having knowingly received Plaintiff's instrument delivered for a specific purpose, namely, to be deposited and held in escrow for Plaintiff's benefit; and hence is in breach of the trust relationship thereby created and the duties arising therefrom.

12. Due to these acts Bozzuto has breached its fiduciary obligations and the contract.

13. As a direct and proximate result of Bozzuto's actions, Plaintiff was deprived of the benefit of the bargain; namely, the apartment for which Plaintiff tendered lawful consideration.

WHEREFORE, Plaintiff respectfully petitions this Court for the following relief

a. An Order of specific performance, compelling Bozzuto to deliver possession of the apartment that was the subject of the transaction, as bargained for by Plaintiff;

b. and or, restitution for in the amount the securities were purchased of $147,380 [value of application of $71,800 see exhibit 1 at doc 1 pg 4, plus $75,000 instrument tendered exhibit 3.1 pg 7]

c. Injunctive relief preventing Bozzuto from offering the apartment to others during the pendency of this matter;

d. Any other and further relief in law or in equity as this Court deems just and proper.

I verify all herein to be true upon information and belief and hereby demand a trial by way of Jury.

Respectfully submitted

by: Lensendro Laguerre

7/11/2025

26 Broad St apt 4
Norwalk CT
06851

3

## CERTIFICATE OF SERVICE

I hereby certify that True and correct copy of the document titled <u>amended complaint</u> was served upon Bozzuto management by certified mail on 7/11/2025.

3:25-CV-01009 AWT

Bozzuto Management Company,

c/o Elizabeth Crassweller, Paralegal,

6406 Ivy Lane, Greenbelt,

 MD 20770

From & by Laguerre Lenfervdren
26 Broad St
apt 4
Norwalk CT
06851