```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

------------------------------- x
LAGUERRE LENSENDRO,             :
                                :
          Plaintiff,            :
                                :
v.                              :    Civil No. 3:25-cv-1009
                                :    (AWT)
BOZZUTO MANAGEMENT COMPANY,     :
                                :
                                :
          Defendant.            :
------------------------------- x
```

**ORDER RE MOTION TO DISMISS**

For the reasons set forth below, the defendant's Motion to Dismiss (ECF No. 15) is hereby GRANTED.

**I.   Background**

The Amended Complaint states: "This is an action for breach of contract brought under The securities act of 1933 [48 stat 74] 15 U.S.C. 77b(a)(3)."

The pertinent allegations in the Amended Complaint are the following:

> At some point in time, I had an epiphany and realized I was in need of an apartment. . . .
>
> I . . . went online to see if there were any apartments available, and there was. Bozzuto Management Company was making offers.
>
> The next day, I went to the park and marveled at the scenery; I then went to Colony Grill and then to the Norwalk Public Library.
>
> At the library I daydreamed about living at The Piper, overlooking the park and the art space and visiting my

>    friend who works at the cafe adjacent to The Piper.
>
>    At some point in time, I decided to accept Bozzuto's offer and entered into a contract or sale with Bozzuto. . . .
>
>    I parted ways with a $500 [FRN's] security deposit, and I tendered an instrument in the amount of $75,000 as additional security [deposit] or advance rental payment as performance to the contract. . . .
>
>    In addition to the instrument, Bozzuto received instructions accompanying the tender of payment to deposit the instruments/securities in escrow as demanded by law, not once but three times. . . .
>
>    Bozzuto refuses to carry out fiduciary duties for Plaintiff, after having knowingly received Plaintiff's instrument delivered for a specific purpose, namely, to be deposited and held in escrow for Plaintiff's benefit; and hence is in breach of the trust relationship thereby created and the duties arising therefrom.
>
>    Due to these acts Bozzuto has breached its fiduciary obligations and the contract.

Amended Complaint (ECF No. 11) ¶ 3, 5-12.

## II. Legal Standard

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly,

550 U.S. 544, 555 (2007). On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

"Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (internal citations and quotations omitted). However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

When interpreting the allegations in a pro se complaint, the court applies "less stringent standards than [those applied to] formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). See also Branham v. Meachum, 77 F.3d 626,

-3-

628-29 (2d Cir. 1996). Furthermore, the court should interpret the plaintiff's complaint "to raise the strongest arguments [it] suggest[s]." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). "Nonetheless, a pro se complaint must state a plausible claim for relief". Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013) (citing Harris v. Mills, 572 F.3d 66, 73 (2d Cir. 2009)).

In its review of a motion to dismiss for failure to state a claim, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993). "[I]n some cases, a document not expressly incorporated by reference in the complaint is nevertheless 'integral' to the complaint and, accordingly, a fair object of consideration on a motion to dismiss. A document is integral to the complaint 'where the complaint relies heavily upon its terms and effect.'" Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016) (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002)). Consistent with the liberal reading of a pro se plaintiff's complaint, "[a] district court deciding a motion to dismiss may consider factual allegations made by a pro se party in his papers opposing the motion." Walker, 717 F.3d at 122 n.1.

**III. Discussion**

Because of the repeated references in the Amended Complaint

-4-

to a contract or a breach of contract, the defendant's memorandum addresses a purported breach of contract claim; the defendant's memorandum includes an explanation of what a plaintiff must plead to state a claim for breach of contract. However, the plaintiff makes it clear that he is not bringing a claim for breach of contract. The plaintiff states in his opposition:

> [Defense counsel] resorts to State common law contract principles, ignoring the law that governs this case. This is not a claim resting on state common law doctrine; it rests squarely on the Securities Act of 1933[.]

Objection to Dismissal (ECF No. 17) at 8.

The Securities Act of 1933 "focuse[s] 'primarily' on the regulation of new offerings." Slack Techs., LLC v. Pirani, 598 U.S. 759, 762 (2023) (quoting Gustafson v. Alloyd Co., 513 U.S. 561, 572 (1995)). "Generally speaking, the 1933 Act requires a company to register the securities it intends to offer to the public with the Securities and Exchange Commission (SEC)." Id. (citing 15 U.S.C. §§ 77b(a)(8), e, d). "As part of that process, a company must prepare a registration statement that includes detailed information about the firm's business and financial health so prospective buyers may fairly assess whether to invest." Id. (citing 15 U.S.C §§ 77f, g, aa). "The law imposes strict liability on issuing companies when their registration statements contain material misstatements or misleading

omissions." Id. (citing 15 U.S.C. § 77k; Herman & MacLean v. Huddleston, 459 U.S. 375, 380 (1983)).

The only section of the Securities Act of 1933, 15 U.S.C. § 77a et seq. ("1933 Act"), identified in the Amended Complaint is 15 U.S.C. § 77b(a)(3), which is the provision defining the terms "sale", "sell", "offer to sell", "offer for sale", and "offer." The plaintiff attaches to the original Complaint the documents on which he relies in bringing this action. See Complaint (ECF No. 1) at 4-18. Exhibit One is merely a document containing lease information; although there is no space for a signature, the plaintiff has signed and dated the document. Exhibit 2 is a notice stating that the plaintiff's rental application has been successfully completed (not reviewed or approved); although there is no space for a signature, the plaintiff has signed and dated the notice. Neither document bears any resemblance to a registration statement. To the extent the plaintiff relies on Exhibit 3, that document did not originate with Bozzuto Management Company. Exhibit 3 includes a purported "International Bill of Exchange" prepared by the plaintiff. The plaintiff's conclusory assertions that these documents somehow created a duty on the part of the defendant under the Securities Act of 1933, or under any law, are not sufficient to state a claim. See Iqbal, 556 U.S. at 678.

The defendant's Motion to Dismiss is being granted, and the

-7-

Complaint is dismissed with prejudice.

The Clerk shall close this case.

It is so ordered.

Signed this 16th day of January 2026, at Hartford, Connecticut.

>                    /s/AWT
>            Alvin W. Thompson
>         United States District Judge