**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **LAGUERRE LENSENDRO,** | Case No. 3:25-cv-01009-AWT |
| *Plaintiff,* | |
| v. | |
| **BOZZUTO MANAGEMENT COMPANY,** | March 11, 2026 |
| *Defendant.* | |

**DEFENDANT'S OPPOSITION TO**
**PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT**

Defendant Bozzuto Management Company ("Bozzuto"), by and through its attorney, respectfully opposes Plaintiff's Motion to Set Aside Judgment [ECF No. 19], as Plaintiff fails to state any valid basis under Federal Rule of Civil Procedure 60 to set aside judgment. Rather, Plaintiff repeats arguments he previously made in opposition to Plaintiff's motion to dismiss, which is not proper under Rule 60.

**LEGAL STANDARD**

Rule 60(b)(1) permits relief from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Courts utilize Rule 60(b) to uphold a balance of "serving the ends of justice and ensuring that litigation reaches an end within a finite period of time." *House v. Sec'y of Health & Hum. Servs.*, 688 F.2d 7, 9 (2d Cir. 1982). Thus, relief under Rule 60(b) is "extraordinary" and should not be granted unless the moving party has demonstrated "exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). Moreover, the Second Circuit has long recognized that Rule 60(b) is a distinct and "may not be used as a substitute for a timely appeal." *Id.* (citing *United States v. O'Neil,* 709 F.2d 361, 372 (5th Cir. 1983)).

1

**ANALYSIS**

**A.      The motion is an improper attempt to relitigate the merits.**

Plaintiff's motion, in substance, is nothing more than a re-argument of the merits of the dismissed Amended Complaint. Plaintiff's motion does not identify mistake, inadvertence, surprise, or excusable neglect, let alone "exceptional circumstances" required for relief to be granted under Rule 60(b)(1). Rather, Plaintiff devotes the bulk of his motion to urging the same statutory theories that the Court already considered and rejected. This is not a proper basis for Rule 60(b)(1) relief.  *See Adam Bruzzese, Plaintiff-Appellant, v. Pamela Bondi, United States Att'y Gen., Defendant-Appellee.*, No. 25-146, 2026 WL 669545, at *2 (2d Cir. Mar. 10, 2026) ("A party may not use Rule 60(b) to relitigate matters already resolved by the district court."). Nor does Plaintiff provide any evidence to satisfy any of the other Rule 60(b) subsections.

The only "new" arguments presented by Plaintiff in the motion are semantic disputes with the words and phrasing of the Court's order. Plaintiff complains that the Court uses the term "purported" in describing his claim, that the Court "mince[s]" Plaintiff's words. Plaintiff's dissatisfaction with the Court's phrasing or tone is not a basis to set aside a judgment.

Plaintiff further disputes the Court's correct observation that, in Plaintiff's opposition to the Motion to Dismiss, he "made it clear" that he was bringing a securities claim, not a breach of contract claim. The Court's observation was grounded in Plaintiff's own opposition brief, in which he expressly stated that his claim "rests squarely on the Securities Act of 1933" rather than on state common law contract principles. He reiterates this argument multiple times in his opposition brief.  Regardless, whether characterized as a breach of federal statute or breach of contract under federal law, the arguments in this motion merely reiterate the merits arguments Plaintiff previously raised in opposition to the Motion to Dismiss.

The Court should deny Plaintiff's motion due to the lack of any valid basis to set aside the judgment under Rule 60(b).

**B.      The Court's ruling was correct on the merits.**

If the Court were to consider the merits arguments presented by Plaintiff in his motion, the Court should reject them again, as the Court's order was legally correct.

Plaintiff's complaint was a quixotic attempt to establish new law characterizing a preliminary effort to apply to rent an apartment – as a "security." As the Court observed, there is no legal authority for this creative proposition, and the statutory definitions preclude such an interpretation. Nothing in the statutory text, legislative history, or case law supports the proposition that an apartment application or a self-drafted personal document constitutes a security within the meaning of the Act. Plaintiff's statutory arguments were correctly rejected by the Court, and they fare no better on reconsideration.

The Court correctly concluded that Plaintiff's allegations were conclusory and insufficient to state a plausible claim. Even applying the more lenient pro se pleading standard, Plaintiff's complaint did not allege facts plausibly establishing that (1) Bozzuto engaged in any transaction involving a security as defined by the 1933 Act, (2) Bozzuto owed any duty to Plaintiff under the federal securities laws, or (3) any provision of the Securities Act was violated. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To the extent Plaintiff suggests his Complaint should have been considered as a breach of contract claim, this claim not only contradicts Plaintiff's own statements in opposition to the Motion to Dismiss, but also fails on the merits. Plaintiff failed to identify the specific statutory provision or contract provision imposing an obligation on Bozzuto that was breached. That pleading deficiency required dismissal.

3

**WHEREFORE**, Defendant respectfully requests that this Court deny Plaintiff's Motion to Set Aside Judgment, and enter such other relief as the Court deems appropriate.

Respectfully submitted,

/s/ *James O. Craven*
James O. Craven (ct18790)
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
T: (203) 498-4400
F: (203) 782-2889
jcraven@wiggin.com

*Attorney for Defendant*
*Bozzuto Management Company*