**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-------------------------------- x
LAGUERRE LENSENDRO,                :
                                   :
          Plaintiff,               :
                                   :
v.                                 :    Civil No. 3:25-cv-1009
                                   :    (AWT)
BOZZUTO MANAGEMENT COMPANY,        :
                                   :
                                   :
          Defendant.               :
-------------------------------- x
```

**ORDER DENYING MOTION TO SET ASIDE JUDGMENT**

Plaintiff Laguerre Lensendro moves, pursuant to Rule 60 of the Federal Rules of Civil Procedure, to set aside the judgment entered in this case on January 12, 2026. For the reasons set forth below, the plaintiff's motion (ECF No. 21) is hereby DENIED.

The only possible section of Rule 60 pursuant to which the plaintiff could be moving for relief is Rule 60(b)(1). "Rule 60(b)(1) provides, in pertinent part, that a court may relieve a party from a final judgment for 'mistake, inadvertence, surprise, or excusable neglect.'" State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 166 (2d Cir. 2004) (quoting Fed. R. Civ. P. 60(b)(1)). "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001)

-1-

(citations omitted). "The burden of proof is on the party seeking relief." Id. (citation omitted).

The court granted the defendant's motion to dismiss because the plaintiff failed to state a claim under the Securities Act of 1933, 15 U.S.C. § 77a et seq. ("1933 Act"). In the motion to set aside judgment, the plaintiff makes it clear that he is still seeking to bring a claim pursuant to the 1933 Act. See ECF No. 21 at 1 ("As I stated in the amended complaint, 'This is an action for breach of contract brought under the Securities Act of 1933[.]'"). See also id. at 6 ("In the final part of my objection, I explained that the defendant's reliance on state common-law contract doctrine was not only misplaced, but also without effect for it conflicted with a federal statute; as the Securities Act of 1933 defines the terms 'offer,' & 'sale,' and that Congress's intent in doing so was to expand those concepts beyond their common-law meanings.").

In the instant motion, the plaintiff does not identify any mistake, inadvertence, surprise, or excusable neglect, let alone exceptional circumstances, as required for relief to be granted under Rule 60(b)(1). Instead, the plaintiff simply attempts to relitigate the merits of the defendant's motion to dismiss. "A party may not use Rule 60(b) to relitigate matters already resolved by the district court." Bruzzese v. Bondi, 2026 WL 669545, at *2 (2d Cir. Mar. 10, 2026).

-2-

-3-

It is so ordered.

Signed this 18th day of March 2026, at Hartford,

Connecticut.


                                    /s/AWT
                               Alvin W. Thompson
                          United States District Judge